E-FILED
Wednesday, 18 November, 2026 10:59:36 AM
Clerk, U.S. District Court, ILCD

**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| KAREN JONES,<br>Plaintiff,<br><br>v.<br><br>SHIRLEY TROUTMAN et al.,<br>Defendants. | Case No. 1:26-cv-01497-JEH-RLH |

## Opinion & Order

Now before the Court is Plaintiff Karen Jones's Motion for Leave to Proceed *in Forma Pauperis* (D. 2).[1] For the reasons set forth *infra*, the Plaintiff's application to proceed *in forma pauperis* (IFP) is DENIED.

### I

"The federal *in forma pauperis* statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**II**

Here, even construing the Complaint (D. 1) in the light most favorable to the Plaintiff, the allegations fall woefully short of stating a plausible claim for relief. In its entirety, the Complaint contains two bullet-points: 1) "Defendants dumped trash everywhere, cause environmental problems," and 2) "They should reminded of such behaviors." (D. 1). The Plaintiff provides the Court and parties with no information as to how the Defendants violated federal law or how the Plaintiff was harmed or involved. The Complaint lacks practically every component of a well-pleaded Complaint; it provides no factual or legal basis for relief.

Accordingly, the Plaintiff's Motion to proceed *in forma pauperis* is denied, as there is currently no viable complaint on which this case may proceed. *See Van Brunt v. Wisconsin*, No. 09-CV-644-BBC, 2009 WL 3617649, at *2 (W.D. Wis. Oct. 29, 2009) (denying motion to proceed IFP because the "plaintiff's complaint alleges only factually baseless claims"); *see also Neal v. Miller*, 542 F. Supp. 79, 81 (S.D. Ill. 1982) (denying motion to proceed IFP because the "Plaintiff's claim is wholly without merit").

**III**

For the reasons set forth *supra*, the Plaintiff's Application to Proceed in the District Court Without Prepaying Fees or Costs (D. 2) is DENIED, and her Complaint (D. 1) is DISMISSED without prejudice. The Plaintiff is granted leave to renew the pending Motion and amend her Complaint within 21

days if she believes she can state a claim in accordance with this Order.

*It is so ordered.*

Entered on November 18, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE